UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| BILLY R THOMAS | CASE NO.  6:23-CV-01074 |
| VERSUS | JUDGE ROBERT R. SUMMERHAYS |
| MARCUS L FONTENOT ET AL | MAGISTRATE JUDGE DAVID J. AYO |

### REPORT AND RECOMMENDATION

Before this Court is a MOTION TO DISMISS filed by defendant Marcus L. Fontenot ("Judge Fontenot").  (Rec. Doc. 5).  This motion was referred to the undersigned Magistrate Judge for issuance of report and recommendation pursuant to 28 U.S.C. § 636.  After review of the record, including the instant motion and all associated briefs, the undersigned recommends that Judge Fontenot's motion be GRANTED as further explained herein.

### *Background*

Plaintiff Billy R. Thomas ("Thomas"), acting *pro se*, filed the instant suit on August 10, 2023, alleging violation of his federal civil rights by Judge Fontenot, Alicia Phillips-Kelly, Hillary Richard, and Renata C. Richard.  (Rec. Doc. 1).  Thomas' Complaint asserts claims under 42 U.S.C. §§ 1983 and 1988 for violation of his civil rights under the Fifth, Eighth, and Fourteenth Amendments to the Constitution.  (Rec. Doc. 1 at p. 1).  Thomas also asserts state law claims under La. Civil Code Arts. 2315, 2322, and 2317.1.  (*Id.* at p. 8).

Thomas alleges

> [o]n or about the date of August 15, 2018 as I Complainant was put out of my family home, due to the action of being involved with a protected order, within the order there have been numerous misleading allegations that were made without any burden that was proving whatsoever.

(*Id.* at p. 4).

Thomas further alleges that Judge Fontenot and others

> intentionally acted out retaliation based on previous complaints filed within, and were done knowingly, recklessly, deliberate indifference within gross negligence, by signing off on judgments knowing within fraud upon the court, which the court had clear knowledge of. And did so willfully to harm [Plaintiff].

(*Id.* at p. 5). The Complaint seeks money damages for mental anguish and economic harm, as well as punitive damages and attorney fees. (*Id.* at p. 6).

Judge Fontenot filed the instant motion seeking dismissal of all claims against him in this suit pursuant to Federal Rule of Civil Procedure 12(b)(6) based on theories of prescription, absolute judicial immunity, and failure to state a claim. (Rec. Doc. 5, generally). Thomas filed a variety of responses to the motion, exceeding the briefing guidelines established in the Court's Notice of Motion Setting. (Rec. Doc. 9). At Judge Fontenot's request, this Court issued an order instructing Thomas to refrain from filing further responses to the instant motion. (Rec. Doc. 20). Despite that order, Thomas filed three additional responses. (Rec. Docs. 23, 24, 25).

### *Applicable Standard*

When considering a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the district court must limit itself to the contents of the pleadings, including any attachments and exhibits thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000); *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 375 (5th Cir. 2004). The court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir.2004)); *Baker v.*

*Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Conclusory allegations and unwarranted deductions of fact are not accepted as true, *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974)); *Collins v. Morgan Stanley*, 224 F.3d at 498. To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007). The allegations must be sufficient "to raise a right to relief above the speculative level," and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* at 555 (quoting 5 C. Wright & A. Miller, <u>Federal Practice and Procedure</u> § 1216, pp. 235-36 (3d ed. 2004)).

## *Analysis*

### I. <u>Filings Considered</u>

Federal district courts possess inherent power to control their dockets to endeavor to dispose of cases before it with "economy of time and effort for itself, for counsel, and for litigants." *United States v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2005) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Such powers are no less available where, as here, the plaintiff is a *pro se* litigant. Rather, as noted by the Supreme Court of the United States, *pro se* litigants are often in a unique position to "disrupt the fair allocation of judicial resources because they are not subject to the financial considerations – filing fees and attorney's fees – that deter other litigants" from repetitive or unnecessary filings. *In re Anderson*, 511 U.S. 364, 365–66 (1994) (quoting *In re Sindram*, 498 U.S. 177 (1991)).

Review of the three filings found at Rec. Docs. 23, 24, and 25, each filed after the issuance of this Court's order directing no further briefs be filed, reveals that these filings are repetitive and offer no new evidence or theories of law, merely restating Thomas' view

of his claims. Considering that these filings were made in contravention of this Court's prior order and offer no response to the instant motion not already contained within prior filings, this Court did not consider them in its analysis.

II. Prescription of Claims

Claims made under 42 U.S.C. § 1983 are subject to the forum state's general or residual statute of limitations for personal injury claims. *Owens v. Okure*, 488 U.S. 235 (1989). As this suit was filed in the Western District of Louisiana, Louisiana's liberative prescriptive period under LA. CIV. CODE ANN. art. 3492 controls on the issue of prescription. *Brown v. Pouncy*, 93 F.4th 331 (5th Cir. 2024).[1]

Accrual of a cause of action is a question of federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). A cause of action accrues when the plaintiff knows or has sufficient information such that he should know that he has been injured. *Frame v. City of Arlington*, 657 F.3d 215, 238 (5th Cir. 2011) (internal citations omitted). Thomas' Complaint alleges he was removed from his home on or about August 15, 2018. (Rec. Doc. 1 at p. 4). On the basis of this allegation, Thomas' claims based on that removal accrued no later than August 15, 2018 and, pursuant to LA. CIV. CODE ANN. art. 3492, prescribed no later than August 15, 2019.

The instant suit was filed on August 10, 2023, nearly four years after Thomas' claims had prescribed. (Rec. Doc. 1, generally). For this reason, this Court will recommend that Thomas' § 1983 claims be dismissed with prejudice as prescribed under LA. CIV. CODE ANN. art. 3492.

---

[1] At the time of harm alleged in Thomas' claim and the filing of this suit, LA. CIV. CODE ANN. art. 3492 provided that "[d]elictual actions are subject to a liberative prescription of one year…" Effective July 1, 2024, Article 3492 was repealed to provide for a two-year liberative prescription for delictual actions under new Article 3493.11. 2024 La. Sess. Law Serv. Act 423 (H.B. 315) (West). Section 3 of Act 423 specifies that it "shall be given prospective application only and shall apply to delictual actions arising after the effective date of this Act." Accordingly, this Court will apply one-year liberative prescription under LA. CIV. CODE ANN. art. 3492 in its analysis.

Similarly, Thomas' state law claims under LA. CIV. CODE ANN. arts. 2315, 2322, and 2317.1 are prescribed by operation of LA. CIV. CODE ANN. art. 3492. This Court will likewise recommend that Thomas' Louisiana law claims be dismissed with prejudice as prescribed.

### III. Absolute Judicial Immunity

Judge Fontenot's motion urges application of the theory of absolute judicial immunity to Thomas' claims against him. (Rec. Doc. 5 at pp. 6–9). Judicial immunity is immunity from suit, rather than merely immunity from liability and damages. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). Judges are entitled to absolute immunity as "all judicial acts which are not performed in the absence of all jurisdiction." *Laird v. Spencer*, 611 F. Supp. 3d 250, 255 (M.D. La. 3/6/2020) (citing *Stump v. Sparkman*, 435 U.S. 349 (1978)).

Louisiana courts employ the two-part analysis used by the Supreme Court in *Mireles v. Waco*, *supra*, which asks first whether the alleged harm is a normal judicial function exercised by the judge, and next, whether the alleged harm occurred in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 12–13.

As to the first question, the court's inquiry centers on the "nature of the act itself" and whether the act complained of was undertaken "in [a] judicial capacity." (*Id.*, citing *Stump*, 435 U.S. at 362). Thomas' Complaint alleges that a ruling by Judge Fontenot resulted in his eviction from his family home due to an ongoing domestic dispute. (Rec. Doc. 1 at p. 2). Moreover, Thomas vaguely alleges that Judge Fontenot should have recused himself from the proceedings but refused to do so. (Id. at p. 5). Taken together, this Court interprets Thomas' pleading as alleging that Judge Fontenot ruled unfairly in a proceeding over which he was presiding and as to which he should have recused himself. Such

allegations clearly identify matters within the "normal judicial function" of a state district court judge. This Court is satisfied that Thomas' allegations satisfy the first inquiry of the *Mireles* test.

This Court's next inquiry is whether the allegations, taken as true allege an act by Judge Fontenot in the absence of all jurisdiction. This Court takes judicial notice of Judge Fontenot's position as an elected judicial officer in the Thirteenth Judicial District Court for the Parish of Evangeline, State of Louisiana. Fed. R. Evid. 201; https://voterportal.sos.la.gov/ElectedOfficials. As argued, Thomas does not allege the absence of jurisdiction of Judge Fontenot, as a duly elected district court judge, to preside over domestic disputes or eviction proceedings. Indeed, Louisiana's Constitution vests its district courts with "original jurisdiction in all civil and criminal matters" unless otherwise specifically excepted within the constitution. *Daily Advertiser v. Trans-La, a Div. of Atmos Energy Corp.*, 612 So.2d 7, 16 (La. 1993) (quoting LA. CONST. ART. V, § 16). This Court finds no basis in Thomas' allegations upon which a finding of lack of jurisdiction over the proceedings at issue might be reasonably based. Accordingly, Thomas' allegations also satisfy the second *Mireles* inquiry.

Considering the foregoing analysis, this Court will recommend dismissal of all claims by Thomas against Judge Fontenot in the instant suit based on the application of absolute judicial immunity. In so recommending, the undersigned notes that Thomas' allegations of malice or retaliation, taken as true, do not save his claims from Judge Fontenot's immunity defense. *Damond v. Marullo*, 307 So. 3d 234, 242 (La. App. 1 Cir. 2020) (citing *Mireles*, 502 U.S. at 11).

Having found that Thomas' state and federal law claims against Judge Fontenot are prescribed and, additionally, that Judge Fontenot is entitled to absolute judicial immunity from suit as to all such claims, no further analysis is warranted.

*Conclusion*

For the reasons discussed herein, this Court recommends that Marcus L. Fontenot's MOTION TO DISMISS (Rec. Doc. 5) be GRANTED in part, such that all claims by plaintiff Billy R. Thomas be DISMISSED with prejudice as prescribed and by operation of the movant's defense of absolute judicial immunity, to which this Court finds he is entitled. It is further recommended that the remainder of the motion be DENIED as MOOT.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

**THUS DONE** in Chambers, Lafayette, Louisiana on this 14th day of August, 2024.

_____
David J. Ayo
United States Magistrate Judge