UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| BILLY R THOMAS | CASE NO.  6:23-CV-01074 |
| VERSUS | JUDGE ROBERT R. SUMMERHAYS |
| MARCUS L FONTENOT ET AL | MAGISTRATE JUDGE DAVID J. AYO |

### REPORT AND RECOMMENDATION

On May 30, 2025, the Fifth Circuit issued a Memorandum Order remanding this case, brought before that court upon Plaintiff Billy R. Thomas' appeal of this Court's September 17, 2024 dismissal of all claims against defendant Marcus L. Fontenot, and instructing this Court to make findings on the issue of service as to all remaining defendants.  (Rec. Doc. 37). This matter was referred to the undersigned Magistrate Judge.  (Rec. Doc. 38).  The undersigned issues the following report and recommendation pursuant to 28 U.S.C. § 636. Considering the record in this case, and for the reasons explained below, this Court offers proposed findings of fact as detailed below.

### Factual Background

Thomas filed the instant suit against defendants Marcus L. Fontenot, Alicia Phillips-Kelly, Eugene Fontenot, Hillary Richard, and Renata C. Richard on August 10, 2023.  (Rec. Doc. 1).  Although the allegations of Thomas's *pro se* Complaint are vague, this Court surmises that Thomas was evicted from his home in 2018 under circumstances which he asserts violated his rights under the Constitution of the United States and Louisiana law. (*Id.*).  Thomas alleges that, from this event, a five-year ordeal has unfolded, which continues to deprive him of certain property and rights.  (*Id.* at pp. 4–5).

Thomas sought and was granted *in forma pauperis* status.   (Rec. Docs. 2, 3). Summonses were prepared and issued as to all named defendants.  (Rec. Doc. 4).  Defendant

Marcus L. Fontenot, a District Court Judge for the 13th Judicial District Court for the Parish of Evangeline, State of Louisiana ("Judge Fontenot"), moved to dismiss Thomas' claims against him on the grounds of absolute judicial immunity, prescription, and failure to state a claim. (Rec. Doc. 5). The motion was referred to the undersigned Magistrate Judge and noticed for briefs. (Rec. Docs. 8, 9). Thomas timely opposed Judge Fontenot's motion. (Rec. Doc. 15).

During the pendency of Judge Fontenot's motion, Thomas filed a "Motion to Release Exhibits," in which he sought production of unspecified documents. (Rec. Doc. 21). In an Order denying Thomas' motion, which this Court construed as a premature motion to compel, the undersigned indicated that this prematurity was due, at least in part, to defects in service as to defendants Alicia Phillips-Kelly, Eugene Fontenot, Hillary Richard, and Renata C. Richard. (Rec. Doc. 22).

On August 14, 2024, the undersigned issued a Report and Recommendation recommending that Judge Fontenot's motion be granted, such that all claims by Thomas against him be dismissed with prejudice based on absolute judicial immunity. (Rec. Doc. 27). On September 3, 2024, Thomas filed a "Motion for Extension of Deadline of Objection" and his objection to the Report and Recommendation. (Rec. Docs. 28, 29). Judge Fontenot filed a response to Thomas' objections. (Rec. Doc. 32). Upon consideration of these filings, the presiding judge issued a judgment adopting the Report and Recommendation and, accordingly, dismissed all claims by Thomas against Judge Fontenot with prejudice based on absolute judicial immunity. (Rec. Doc. 33). The Court's judgment was not certified for appeal under Rule 54(b) and claims against other served defendants remained pending.

Thomas filed an appeal of the Court's judgment on October 17, 2024. (Rec. Doc. 34). That appeal was dismissed for want of prosecution on January 22, 2025. (Rec. Doc. 35). The Fifth Circuit reinstated Thomas' appeal by Memorandum Order of January 23, 2024. (Rec.

2

Doc. 36). On May 30, 2025, the Fifth Circuit issued a Memorandum Order remanding the case to this court for determination of whether "proper service was made on any of the defendants other than Judge Fontenot," after which the case should be returned to the appellate court. (*Id.* at p. 2). In so ordering, the Fifth Circuit noted that the May 17, 2024 Order issued by the undersigned cited defects in service, while a November 2, 2023 docket entry seemed to indicate summonses were executed as to these defendants. (*Id.* at p. 2).

The service issue was referred to the undersigned by Minute Entry of May 30, 2025 and is addressed below.

## **Applicable Standards**

Rule 4 of the Federal Rules of Civil Procedure governs service of process in civil matters before federal district courts. *Shah v. Novelis*, 2024 WL 1739753 at *3 (5th Cir. 2024).

> A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish necessary copies to the person who makes service.

Fed. R. Civ. P. 4(c). Where service must be made on an individual defendant, proper service requires

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

   (A) delivering a copy of the summons and of the complaint to the individual personally;
   (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
   (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

3

Pursuant to Rule 4(m), service must be made within 90 days of the filing of the complaint, failing which the court may dismiss the suit without prejudice on its own or upon the motion of any party after notice to the plaintiff. *Carver v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021) (citing *Griggs v. S.G.E. Mgmt., LLC*, 905 835, 844 (5th Cir. 2018) (citing Fed. R. Civ. P. 41(b)).

## Analysis

At the Fifth Circuit's direction, the undersigned has reviewed the docket in the above-captioned matter and finds that proof of service as to four of the five defendants was filed in the record by Thomas on November 2, 2023. (Rec. Doc. 14). Specifically, AO Form 440 proof of service forms assert domiciliary service on Renata C. Richard and Eugene Fontenot on September 20, 2023 under Rule 4(e)(2)(B), and service on a registered agent as to Alicia Phillips-Kelly on September 20, 2023 and Judge Fontenot on September 21, 2023 under Rule 4(e)(2)(C). (Rec. Docs. 14, 14-1, 14-2, 14-3). No proof of service was filed as to defendant Hillary Richard. According to the docket text, answers were due to be filed by those served defendants on or before October 11 or 12, 2023, depending upon the specific date of service. (*See*, docket text to Rec. Doc. 14). Aside from the motion to dismiss filed by Judge Fontenot, no other defendant has filed responsive pleadings as of the date of this Report and Recommendation.

Considering the "limited purpose" of the Fifth Circuit's remand in this matter and the failure of any of the defendants purportedly served on September 20th or 21st to contest service, the undersigned offers no analysis of whether Thomas' purported service was ultimately sufficient under Rule 4. This Court notes that Thomas has not sought entry of default judgment as to any of the defendants for whom proof of service was filed. Similarly, given the lapse of more than one year since the service of summonses reflected in the record, and his failure to offer proof of service as to defendant Hillary Richard, this Court notes that

Thomas' claims against all defendants except Judge Fontenot would ostensibly be subject to dismissal pursuant to Rule 41(b) and LR 41.3 based on failure to prosecute those claims.

## Conclusion

For the reasons discussed herein, the Court recommends that the Court issue an order finding that service was purportedly made on all defendants except Hillary Richard and, having so determined, returning the case to the United States Court of Appeals for the Fifth Circuit for all further proceedings as may be appropriate under the appellate court's May 30, 2025 Order.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.

**THUS DONE** in Chambers, Lafayette, Louisiana on this 27th day of June, 2025.

_____
**DAVID J. AYO**
**UNITED STATES MAGISTRATE JUDGE**