**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

BILLY R THOMAS                                          CASE NO.  6:23-CV-01074

VERSUS                                                         JUDGE ROBERT R. SUMMERHAYS

MARCUS L FONTENOT ET AL                   MAGISTRATE JUDGE DAVID J. AYO

**REPORT AND RECOMMENDATION**

The undersigned issues the following *sua sponte* report and recommendation pursuant to 28 U.S.C. §§ 636 and 1915(e)(2)(B).  Considering the record in this case, and for the reasons explained below, this Court recommends that Plaintiff Billy R. Thomas's remaining claims in this matter be DISMISSED WITH PREJUDICE as frivolous and for failing to state a claim upon which relief may be granted.

**Factual Background**

Thomas's *pro se* complaint vaguely alleges that he was wrongfully evicted from his home pursuant to a protective order issued by Judge Marcus L. Fontenot on or about August 15, 2018.  [Doc. 1 at ¶ 9].  It names as defendants Judge Fontenot; Alicia Phillips-Kelly, an employee of the 13th Judicial District Court; Eugene Fontenot, owner of Euco Finance, Inc. ("Euco"); and Hillary Richard and Renata C. Richard, employees of Euco.  [Doc. 1 at ¶¶ 4, 7]. The Complaint asserts violations of Thomas' Fifth, Eighth, and Fourteenth Amendment rights under the Constitution, as well as violations of Louisiana Civil Code articles 2315, 2322, and 2317.1.  [*Id.* at ¶ 8].  All claims against Judge Fontenot were previously dismissed by the Court's adoption of the August 14, 2024 Report and Recommendation based on prescription and application of absolute judicial immunity.  [Doc. 27].  Thomas appealed the dismissal as to Judge Fontenot.  [Doc. 34].  The Fifth Circuit briefly returned the case to the

Western District of Louisiana for clarification of service as to the remaining defendants.  [Doc. 37].  Following the Court's finding that service was made as to all remaining defendants, the Fifth Circuit dismissed Thomas's appeal for lack of jurisdiction.  [Doc. 43].  The appeal now having been concluded, jurisdiction over the case is returned to this district court.  *Dayton Indep. Sch. Dist. v. U.S. Mineral Prods. Co.*, 906 F.2d 1059 (5th Cir. 1990) (citing *Coastal Corp. v. Tex. Eastern Corp.*, 869 F.2d 817, 820–21 (5th Cir. 1989)).

## **Applicable Standards**

Pursuant to 28 U.S.C. § 1915(e)(2), where a plaintiff is permitted to proceed *in forma pauperis*, district courts

> shall dismiss the case at any time if the court determines that –
>
> (A)     the allegation of poverty is untrue; or
>
> (B)     the action or appeal –
>
>> (i)      is frivolous or malicious;
>>
>> (ii)     fails to state a claim on which relief may be granted; or
>>
>> (iii)    seeks monetary relief against a defendant who is immune from such relief.

This statute "applies equally to prisoner and non-prisoner cases."  *Booker v. Koonce*, 2 F.3d 114, 115-16 (5th Cir. 1993) (internal citations omitted).  *Pro se* filings are construed liberally by courts addressing the issue of frivolity.  *Id.*

A complaint is frivolous when it "lacks an arguable basis in either law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks such arguable basis in law when it is "based on an indisputably meritless legal theory."  *Id.* at 327.  A claim lacks an arguable basis in fact where it fails to state a claim as to which relief might be granted.  *Black v. Warren*, 134 F.3d 732, 733–34 (5th Cir. 1998) (noting that 28 U.S.C. § 1915(e)(2)(B)(ii) and Rule

2

12(b)(6) use the same language).  Pursuant to the express language of Section 1915(e), dismissal of claim which evidences no chance of success is appropriate.  *Booker*, *supra*. Although courts generally permit a *pro se* litigant to amend a complaint, amendment is not warranted where it appears that the litigant has stated his "best case."  *Brewster v. Dretke*, 587 F.3d 764, 768 (quoting *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)).

<u>Analysis</u>

### A. Prescription

As explained in the Report and Recommendation issued by the undersigned on August 14, 2024, Thomas's claims in this suit are asserted pursuant to 42 U.S.C. § 1983, which borrows the forum state's general or residual statute of limitations for personal injury claims. *Owens v. Okure*, 488 U.S. 235 (1989).  Accordingly, Thomas's claims are subject to Louisiana's liberative prescriptive period, found in LA. CIV. CODE ANN. art. 3492.[1]  *Brown v. Pouncy*, 93 F.4th 331 (5th Cir. 2024).

Thomas's Complaint alleges that he was removed from his home on or about August 15, 2018.  [Doc. 1 at p. 4].  Accordingly, all claims arising from this alleged tortious behavior accrued no later than August 15, 2018 and, pursuant to former LA. CIV. CODE ANN. art. 3492, prescribed no later than August 15, 2019.  Thomas filed this suit on August 10, 2023, nearly four years after his claims had prescribed under this provision.  Similarly, all claims asserted under LA. CIV. CODE ANN. arts. 2315, 2322, and 2317.1 are subject to one-year liberative prescription under former Article 3492.  *State ex rel. Tureau v. BEPCO, L.P.*, 351 So. 3d 297,

---

[1]    At the time of the harm alleged and the filing of this suit, LA. CIV. CODE ANN. art. 3492 provided that "[d]elictual action are subject to a liberative prescription of one year…"  Effective July 1, 2024, Article 3492 was repealed to provide for a two-year liberative prescription for delictual actions under new Article 3493.11.  2024 La. Sess. Law Serv. Act 423 (H.B. 315) (West).  Section 3 of Act 423 specifies that it "shall be given prospective application only and shall apply to delictual actions arising after the effective date of this Act."  Accordingly, this Court will apply one-year liberative prescription under former article 3492 in its analysis.

3

304 (La. 2022) (citing *Richard v. Wal-Mart Stores, Inc.*, 559 F.3d 341, 347 (5th Cir. 2009); Saul Litvinoff, Obligations § 5.2, in 6 LOUISIANA CIVIL LAW TREATISE (2d. ed. 1999)). Considering the foregoing, the undersigned will recommend dismissal of all remaining claims in this matter as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### B.  42 U.S.C. §1988

Thomas also brings claims against the remaining defendants pursuant to 42 U.S.C. § 1988.  Section 1988 empowers courts to award attorney fees to prevailing parties in civil rights cases.  Considering the prescription of Thomas's claims as explained above, his claims under Section 1988 should also be dismissed, as he is not properly considered a "prevailing party" in this matter.  *Sanchez v. City of Austin*, 774 F.3d 873, 878–79 (5th Cir. 2014) (internal citations omitted).  The undersigned will recommend all claims asserted under 42 U.S.C. § 1988 be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### C.  Amendment

As cited above, where a *pro se* litigant has stated his best case, the reviewing court is not required to grant leave to amend the complaint.  For the reasons stated above, the undersigned will recommend dismissal without leave to amend, as Thomas has stated his best case regarding the claims at issue.  *Marucci Sports, L.L.C. v. Nat' l Collegiate Athletic Ass' n*, 751 F.3d 368, 378 (5th Cir. 2014) (citing *Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir. 2003) (leave to amend properly denied where amendment would be futile).

## Conclusion

For the reasons discussed herein, this Court recommends that all remaining claims by Plaintiff Billy R. Thomas, acting *pro se* and *in forma pauperis* herein, be DISMISSED WITH PREJUDICE as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and that leave to amend be denied as futile.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.

**THUS DONE** in Chambers, Lafayette, Louisiana on this 12th day of May, 2026.

_____
**DAVID J. AYO**
**UNITED STATES MAGISTRATE JUDGE**

5